IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VANESSA BASS-HALL, #165 766, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:12-CV-789-WHA |
| | )                       [WO] |
| D.O.C.'S WARDEN ALBRIGHT, *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on September 12, 2012.  At the time she filed this complaint, Plaintiff was incarcerated at the Tutwiler Prison for Women in Wetumpka, Alabama.

On May 8, 2013, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint, as amended.  *Doc. No. 19, ¶6(h)*. The May 8 order also instructed Plaintiff to inform the court of any change in her address as all parties have an affirmative duty to inform this court of any address changes during the pendency of their actions. *Id*.

The court recently learned that Plaintiff is no longer housed at the Tutwiler Prison for Women which is the last known address the court has on file for her. Consequently, an order was entered on April 2, 2015, directing Plaintiff to inform the court of her present mailing address. *Doc. No. 69*. Plaintiff was cautioned that her failure to comply with the court's April 2 order would result in a recommendation that this case be dismissed. *Id*.

On April 13, 2015, the envelope containing Plaintiff's copy of the court's April 2, 2015, order was returned to the court marked as  "undeliverable."   As it appears clear that Plaintiff is

no longer residing at the address she provided to the court when she filed the instant complaint, and that she has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that on or before April 28, 2015, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 14th day of April, 2015.

                                                /s/Charles S. Coody  
                                                CHARLES S. COODY  
                                                UNITED STATES MAGISTRATE JUDGE